IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSE CONCEPCION GARCIA | § | |
| v. | § | CIVIL ACTION NO. 6:10cv34 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner Jose Garcia, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Garcia was convicted of four counts of aggravated sexual assault of a child and one count of indecency with a child, receiving life sentences on each of the aggravated sexual assault counts and 20 years on the indecency count. In his federal habeas petition, he argued that the district court lacked subject matter jurisdiction because the indictment failed to set out an offense, and the judgment was void because the indictment was void.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge determined that Garcia was complaining about the validity of the indictments, but the Fifth Circuit has held that a defect in a state indictment is not grounds for habeas corpus relief unless the indictment is so defective that the convicting court lacks jurisdiction. Neal v. Texas, 870 F.2d 312, 316 (5th Cir. 1989). Where the highest state criminal court has held, expressly or implicitly, that the indictment is sufficient under state law, the federal habeas inquiry is at an end. Alexander v. McCotter, 775 F.2d 595, 598-99 (5th Cir. 1985).

1

In this case, the Magistrate Judge said, the Court of Criminal Appeals denied Garcia's requests for habeas corpus relief challenging the validity of the indictment, and thus implicitly held that the indictment was sufficient under Texas law. As a result, the Magistrate Judge said, Garcia cannot maintain a federal habeas corpus petition on this issue. The Magistrate Judge therefore recommended that the application for habeas corpus relief be denied and that Garcia be denied a certificate of appealability *sua sponte*.

Garcia received a copy of the Magistrate Judge's Report on March 26, 2010, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge dated March 17, 2010 (docket no. 8) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jose Concepcion Garcia is hereby DENIED a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 30th day of April, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**